UNITED STATES v. THIERICHENS (three cases).

(District Court, E. D. Pennsylvania. March Sessions, 1917.)

Nos. 66–68.

1. ALIENS ⬦17—CRIMINAL PROSECUTIONS—WAR VESSELS—JURISDICTION—COMITY.

While, under the comity existing between nations, a public armed ship of a friendly nation acting under the immediate and direct command of the sovereign power is not to be interfered with by the courts of a foreign state, because it would require the sovereign of the nation to which the vessel belongs to be impleaded in the court from which the process issued, and the courts will not assume jurisdiction over officers of such vessel while acting as such, but leave controversies arising out of the acts of the vessel and its officers for settlement through diplomatic channels, the commander of an interned German war vessel, who violated Mann Act June 25, 1910, c. 395, 36 Stat. 825 (Comp. St. 1916, §§ 8812–8819), by aiding and assisting a woman to come from New York to Pennsylvania for immoral purposes, cannot defeat the prosecution by virtue of such comity; the acts occurring within the territory of the United States.

2. ALIENS ⬦17 — CRIMINAL PROSECUTIONS — WAR VESSELS — JURISDICTION — COMITY.

Where the commander of such interned German war vessel smuggled from the vessel property into the United States, he is subject to prosecution in the United States courts, regardless of the rules of comity.

Max V. Thierichens was indicted on charges of smuggling and on a charge of violating the Mann Act. Sur motions to quash bills of indictment. Motions overruled.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John R. K. Scott and William A. Gray, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. Under the indictments, as amplified by the bills of particulars, the defendant is charged, in Nos. 66 and 68, with smuggling certain chronometers from the interned German cruiser Prinz Eitel Friedrich into the port of Philadelphia, and, under indictment No. 67, with violation of the Mann Act in aiding and assisting and inducing a woman to come from Ithaca, N. Y., to the city of Philadelphia, over the lines of certain railroads, for immoral purposes.

The motions to quash the indictments raise the question of the right of the United States to prosecute the defendant, for the reason that at the time of the commission of the alleged offenses he was the commanding officer of the cruiser of the Imperial German Navy in a port of the United States; this nation at the time of the commission of the alleged offenses being at peace with Germany.

Counsel for the defendant base their claim for exemption from prosecution upon two propositions: (1) That the commander of the vessel under such circumstances is the representative of the sovereign of his country; and (2) that the privilege of extraterritoriality applies to offenses committed in connection with a public vessel of a friendly nation to those officially connected therewith, and therefore such officials committing such offenses may be tried and punished only by the sovereign power his ship represents, upon the theory that the ship is part of the territory of that sovereign.

[1] Argument has been presented in the form of briefs, in which the principles involved and the authorities have been carefully and fully presented. The well-settled rule that, under the comity existing between nations, the public armed ship of a friendly nation, acting under the immediate and direct command of the sovereign power, is not to be interfered with by the courts of a foreign state, is based upon the principle that, if the courts did attempt to assume jurisdiction over such vessel, it would require the sovereign of the nation to which the vessel belongs to be impleaded in the court from which the process issued, and, by common consent of nations, such situations could not arise without interference with the power and dignity of the foreign sovereign. Therefore the courts will not assume jurisdiction over such vessel or its officers, while acting as such, but leave controversies arising out of the acts of the vessel, and its officers, while acting in their official character, for settlement through diplomatic channels.

Assuming that the doctrine applies to the commanding officer of the ship, as representative of the foreign power, while acting in conformance with his employment upon national objects, it is apparent that there is nothing in the bills of indictment or the bills of particulars to carry the application of the doctrine to the cases before the court. Surely, as to the offense under indictment No. 67, even a discussion of the application of the rule would be lending dignity to an absurdity.

[2] As to the smuggling charges, under indictments Nos. 66 and 68, if the defendant is entitled to exemption from prosecution because the chronometers were carried ashore in furtherance of a national object

of his sovereign, nothing appears upon the record to justify that inference, and, if the fact is to be raised as a defense, its effect must be passed upon at the trial, if such fact then appears. So much for the question of immunity of the defendant as the representative of the German sovereign.

Passing to the question of extraterritoriality, indictment No. 67 sufficiently alleges the commission of the offense within the territory of the United States, and, as pointed out by the district attorney, the offense of smuggling is itself inconsistent with the theory of its commission upon the Prinz Eitel Friedrich, as that offense is not complete until the goods and merchandise charged to be smuggled are brought off the vessel into port. The record does not bring the defendant within any of the recognized exceptions to the general jurisdiction of the court over offenses within the district.

Without elaborating further, or citing the numerous authorities upon the questions involved, it is sufficient to say that there appears to be no ground for quashing the indictments, and the motions to quash will therefore be denied.